UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


DANA E. YOUNG, SR.,                                      :
                                                         :
                    Petitioner                           :
                                                         :
        -vs-                                             :
                                                         :   NO: 3:CV-04-1905
                                                         :
EDWARD KLEM, SUPERINTENDENT,                             :   (Judge Kosik)
SCI MAHANOY; COMMONWEALTH                                :
OF PENNSYLVANIA; PENNSYLVANIA                            :
BOARD OF PROBATION AND PAROLE;                           :
ATTORNEY GENERAL OF THE                                  :
STATE OF PENNSYLVANIA,                                   :
                                                         :
                    Respondents                          :

# **MEMORANDUM**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. In his petition, petitioner challenges the actions of the Pennsylvania Board of Probation and Parole in denying his request for parole. For the reasons which follow, the petition for writ of habeas corpus will be **DISMISSED**.

Background

Petitioner, Dana E. Young, Sr., a prisoner confined at S.C.I. Mahoney, Frackville, Pennsylvania, filed the instant petition for writ of habeas corpus on August 26, 2004. Named as respondents were Edward Klem, Superintendent at S.C.I. Mahoney, Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, and the Attorney General of the State of Pennsylvania. In his petition, petitioner challenges the denial of his parole asserting that the Board of Probation and Parole impermissibly applied 1996 amended policies and guidelines to his parole application in violation of the Ex Post Facto Clause of the United States Constitution. On September 13, 2004, petitioner paid the appropriate filing fee. An answer to the petition, memorandum of law in support thereof, and supporting exhibits were

filed by respondents on November 3, 2004.  On December 23, 2004, petitioner filed a brief in reply to respondents' answer.  On May 9, 2005, petitioner filed a motion for leave to conduct discovery and a memorandum of law in support thereof.

Discussion

Petitioner, Dana E. Young, Sr., is currently serving a sentence of twenty-one to forty-two years imprisonment imposed by the Court of Common Pleas of Lehigh County as a result of his convictions for kidnaping, indecent assault and indecent exposure, rape and related charges.[1]  The petitioner's sentence has a maximum term expiration date of April 6, 2024 and a minimum term expiration date of April 6, 2004, which became effective April 6, 1983.[2] The petitioner asserts that he has successfully completed several programs while incarcerated.  The petitioner states that he has served the minimum term of his sentence, twenty-one years, and that he became eligible for parole on April 6, 2004.

On February 10, 2004, the Board of Probation and Parole denied petitioner's application for parole.  The petitioner asserts that the Parole Board applied the 1996 standard in denying his parole application.[3]  Specifically, the petitioner argues that the Parole Board's

---

[1]    We note that the recitation of facts is taken from the petition for writ of habeas corpus.

[2]    A review of the petition shows that it was on this date that petitioner was arrested.

[3]    As petitioner indicates, in 1996, the Pennsylvania legislature amended the parole policy statute, 61 P.S. §331.1.  At the time of petitioner's conviction, the applicable parole statute read as follows:

> The value of parole as a disciplinary and corrective influence and process is hereby recognized, and it is declared to be the public policy of this Commonwealth that persons subject or sentenced to a period of parole during which their rehabilitation, adjustment and restoration to social and economic life and activities shall be aided and facilitated by guidance and supervision under a competent and efficient parole administration, and to that end it is the intent of this Act to create a uniform and exclusive system for the administration of parole in this Commonwealth.

retroactive application of the amended parole laws and guidelines to deny his application for parole violated the Ex Post Facto Clause of the United States Constitution.

Petitioner asserts that following the February 10, 2004 denial of his parole application, he filed a request for reconsideration with the Parole Board. On February 17, 2004, the Parole Board advised petitioner that it was not required to consider or address petitioner's application. The petitioner states that on March 11, 2004, he filed a Petition for Writ of Mandamus in the Commonwealth Court. Following the filing of preliminary objections by the Parole Board, petitioner filed an amended petition. The Parole Board filed preliminary objections to the amended petition in the nature of a demurrer. On July 22, 2004, the Commonwealth Court sustained the Parole Board's demurrer and dismissed the petition. Petitioner concedes that he did not pursue his petition to the Pennsylvania Supreme Court. On August 26, 2004, petitioner filed the instant petition for writ of habeas corpus. In his request for relief, petitioner requests his immediate release, or in the alternative, a remand for further hearing before the Parole Board under standards that existed prior to the amendment.

---

Act of August 6, 1941, P.L. 861, §1.

> In 1996, the relevant statute was amended and provides:
>
>> The parole system provides several benefits to the criminal justice system, including the provision of adequate supervision of the offender while protecting the public, the opportunity for the offender to become a useful member of society and the diversion of appropriate offenders from prison.
>>
>> In providing these benefits to the criminal justice system, the Board shall first and foremost seek to protect the safety of the public. In addition to this goal, the Board shall address input by crime victims and assist in the fair administration of justice by ensuring the custody, control, and treatment of paroled offenders.

61 P.S. §331.1.

In the memorandum of law in response to the petition, respondents raise two arguments: (1) that the petition should be dismissed for failure to exhaust available state court remedies; and (2) that the petition should be dismissed for failure to state valid Ex Post Facto claims.

As to respondents' first argument regarding the exhaustion of available state court remedies, it is clear that a mandamus action is available in the state courts where a challenge to the denial of parole is premised on the Ex Post Facto clause. *DeFoy v. McCullough*, 393 F.3d 439 (3d Cir. 2005), *cert. denied*, ___ U.S. ___, 125 S.Ct. 2970 (2005), citing *Coady v. Vaughn*, 564 Pa. 604, 770 A.2d 287 (2001). Following *DeFoy*, the Pennsylvania Supreme Court decided the case of *Cimaszewski v. Board of Probation and Parole*, 582 Pa. 27, 868 A.2d 416, 427 (2005), wherein it was recognized that an Ex Post Facto claim may arise from the application of the 1996 amendments to an applicant convicted prior to the enactment of the amendments if it can be shown that the amendments "create [] a significant risk of prolonging his incarceration." *See also*, *Richardson v. Pennsylvania Board of Probation and Parole*, 423 F.3d 282 (3d Cir. 2005). These recent developments indicate that there are state court remedies available to raise an Ex Post Facto claim such that exhaustion should not be excused. *Parker v. Kelchner*, ___ F.3d ___, 2005 WL 2979229 (3d Cir. Nov. 8, 2005).

It is clear from the instant record, that while petitioner filed a petition and amended petition for writ of mandamus in the Commonwealth Court, which were dismissed, petitioner failed to seek review in the Supreme Court of Pennsylvania.[4] Thus, it is apparent that

---

[4]      *See* Document 1, Petition for Writ of Habeas Corpus, ¶41-46, Document 18, Petitioner's Brief in Reply to Respondent's Answer.

petitioner has failed to exhaust his state court remedies.[5]  Accordingly, the instant petition

for writ of habeas corpus will be DISMISSED.[6]

---

[5]      We are cognizant of the fact that following the filing of the instant habeas corpus action, the United States Supreme Court in _Wilkinson v. Dotson_, ___ U.S. ___, 125 S.Ct. 1242 (2005) ruled that an Ex Post Facto claim involving parole may be pursued in an action under 42 U.S.C. §1983.  However, unlike the petitioners in _Wilkinson_, one of the reliefs requested by petitioner in the instant petition is the ordering of his immediate release, which is properly raised in habeas corpus.

[6]      Respondents request that this court deny petitioner's habeas relief on the merits pursuant to 28 U.S.C. §2254(b)(2).  We will decline to do so at this time based on the record as it stands before the court.  Subsequent to the filing of the instant petition, the Pennsylvania Supreme Court addressed the application of the Ex Post Facto Clause to the 1996 Amendments of the Parole Act.  The most recent pronouncement by the Pennsylvania Supreme Court occurred on February 24, 2005 in _Cimaszewski v.  Board of Probation and Parole_, 582 Pa. 27, 868 A.2d 416 (Pa. 2005).  In _Cimaszewski,_ the Court held that the retroactive changes in the law governing parole may violate the Ex Post Facto Clause.  Under _Cimaszewski_, in order to establish an Ex Post Facto violation, the petitioner must provide the requisite evidence that he faces a significant risk of an increase in punishment by showing that under the pre-1996 Parole Act, the Board would likely have paroled the inmate.  _Cimaszewski_ held that it was not sufficient for a petitioner merely to rely on the decision of _Mickens-Thomas v. Vaughn_, 321 F.3d 374 (3d Cir. 2003), the case relied on by the instant petitioner, because the petitioner must establish the effect of the amendments "when applied to him."  _Cimaszewski_, 868 A.2d at 428.
      In _Richardson v.  Pennsylvania Board of Probation and Parole_, 423 F.3d 282 (3d Cir. 2005), the Court of Appeals held that the state's reliance on _Winklespecht v. Pennsylvania Board of Probation and Parole_, 571 Pa. 685, 813 A.2d 688 (2002) was undermined by _Cimaszewski_ and that the first prong of the Ex Post Facto inquiry was satisfied.  The Court proceeded to consider the second prong of the Ex Post Facto analysis, whether the change in the Parole Act disadvantaged the petitioner affected by it, that is, whether the effect of the change in parole standards increased the risk of punishment on the individual.  In the instant action, petitioner argues that in all probability, given the facts detailed in his habeas petition and under the parole system as it existed at the time petitioner was convicted and sentenced, he would have been paroled.  However, like the petitioner in _Richardson_, the instant petitioner has not supported the allegation with any evidence.  While petitioner requests the opportunity to conduct discovery, we will deny his request and we will decline to consider the merits of his petition, because he has failed to exhaust his state court remedies.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANA E. YOUNG, SR., | : |
| | : |
| Petitioner | : |
| | : |
| -vs- | : |
| | :    NO: 3:CV-04-1905 |
| | : |
| EDWARD KLEM, SUPERINTENDENT, | :    (Judge Kosik) |
| SCI MAHANOY; COMMONWEALTH | : |
| OF PENNSYLVANIA; PENNSYLVANIA | : |
| BOARD OF PROBATION OF PAROLE; | : |
| ATTORNEY GENERAL OF THE | : |
| STATE OF PENNSYLVANIA, | : |
| | : |
| Respondents | : |

## **ORDER**

NOW, this 28th day of November, 2005, IT IS HEREBY ORDERED THAT:

(1) The petition for writ of habeas corpus is DISMISSED;

(2) Petitioner's motion for leave to conduct discovery is DENIED;

(3) The Clerk of Court is directed to CLOSE this case; and,

(4) Based on the court's conclusions herein, there is no basis for the issuance of a certificate of appealability.

s/Edwin M. Kosik
United States District Judge